UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK,

        Plaintiff,

   -vs-            12-CV-1120C

OVERTON, RUSSELL, DOERR AND DONOVAN, LLP,

        Defendant.

---

APPEARANCES:  LAW OFFICES OF KENNETH HILLER, PPLC (SETH ANDREWS, ESQ., OF COUNSEL), Amherst, New York, Attorneys for Plaintiff.

         OVERTON RUSSELL DOERR & DONOVAN LLP (THOMAS R. McCORMICK, ESQ., OF COUNSEL), Clifton Park, New York, Attorneys for Defendant.

## INTRODUCTION

Plaintiff commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Currently pending before the court are defendant's motions to dismiss for failure to state a claim (Item 10) and for sanctions (Item 11) and plaintiff's motion for leave to amend/correct the complaint (Item 14).

## BACKGROUND and FACTS

Plaintiff commenced this action with the filing of a complaint on November 14, 2012 (Item 1). He alleged that he incurred a debt and subsequently defaulted on that debt. *Id.,* ¶¶ 9, 11. In October 2011, defendant began calling the plaintiff in an attempt to collect the debt. *Id.,* ¶ 13. Plaintiff further alleged that, in some of those telephone

calls, defendant stated to the plaintiff that plaintiff was not authorized to record the conversation between plaintiff and defendant. *Id.,* ¶ 14. Plaintiff stated that this conduct violates the FDCPA in that the "least sophisticated consumer" would be led to believe that it was illegal to record the conversation. In fact, under New York State law, if both parties are located in New York, there is no requirement that a party to a conversation have the consent of the other party in order to record the conversation. *Id.,* ¶¶ 16-17.

Defendant filed its answer to the complaint on December 14, 2012 (Item 4). Following an initial scheduling conference, the court referred the case to mediation and directed the parties to select a mediator by April 26, 2012 (Item 8). On April 26, 2013, the defendant filed a motion to dismiss for failure to state a claim (Item 10) and a motion for sanctions (Item 11). Defendant argued that plaintiff's interpretation of its statements regarding the recording of telephone conversations was "illogical, bizarre, and idiosyncratic" and that its conduct was neither deceptive, abusive, nor misleading (Item 10, Affidavit in Support, ¶¶ 4, 6). Accordingly, defendant argued that plaintiff failed to state a claim pursuant to the FDCPA as a matter of law. Additionally, defendant sought sanctions pursuant to Fed. R. Civ. P. 11, stating that plaintiff's suit was legally and factually baseless and commenced in bad faith, "solely for purposes of harassment and/or forcing the Defendant to agree to settlement . . .." (Item 11, Memorandum of Law, p.1).

On May 24, 2013, plaintiff filed a memorandum in opposition to the motion for sanctions (Item 13), a memorandum in opposition to the motion to dismiss (item 15), and a motion for leave to amend/correct the complaint (Item 14). Specifically, plaintiff

sought to clarify the nature of his claim against the defendant and to withdraw his claim for actual damages.

Defendant filed replies to its motions (Items 20, 21) and an affidavit in opposition to the plaintiff's motion to amend (Item 19). The court heard oral argument on the motions on June 12, 2013. For the reasons that follow, the defendant's motions are denied and the plaintiff's motion is granted.

## DISCUSSION

**1. Defendant's Motion to Dismiss**

Defendant seeks dismissal of the complaint pursuant to Rule 12(b)(6). Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after *Twombly,* the court's inquiry under Rule 12(b)(6) is guided by two principles. *See Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal,* 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience

3

and common sense.'" *Id.* (quoting *Iqbal,* 556 U.S. at 663–64). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679.

In considering a motion to dismiss, this court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *In re NYSE Specialists Secs. Litig.,* 503 F.3d 89, 91 (2d Cir. 2007). Only if the court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). In determining whether defendant has complied with the requirements of the FDCPA, courts apply an objective standard, measured by how the "least sophisticated consumer" would interpret the debt collector's conduct. *See Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008); *Weiss v. Zwicker & Assocs.*, 664 F.Supp.2d 214, 216 (E.D.N.Y. 2009). Under the "least sophisticated consumer" standard, a communication can be deceptive if it is "open to

4

more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993).

In this case, the plaintiff alleges that defendant told him he was "not authorized to record conversations with the Defendant." (Item 1, ¶ 20). Plaintiff argues that this statement was deceptive in that defendant sought to convey the impression that plaintiff could not legally record their telephone conversations, contrary to his rights under New York law. When both parties are located in New York State, neither the New York State Penal Law nor the federal Electronic Communications Privacy Act ("ECPA") prohibits one party from recording a conversation without the consent of the other. *See* N.Y. Penal Law § 250.00(1); 18 U.S.C. § 2511(2)(d). Clearly, by this statement, defendant sought to prevent the lawful recording of its conversations. However, defendant argues that its statement of its "preference" not to be recorded was in no way deceptive or misleading for purposes of the FDCPA and that plaintiff's interpretation of the communication is unreasonable.

The language allegedly used by defendant is significant. Far from merely expressing a "preference" against recording, the defendant's statement as alleged by plaintiff is open to an alternative interpretation. Viewing the communication from the perspective of the least sophisticated consumer, the court finds that such a statement could be interpreted to imply that the consumer was not within his rights under state or federal law to record the telephone conversation. This is not an accurate expression of the relevant law. Accordingly, plaintiff has sufficiently alleged a clam under the FDCPA and the defendant's motion to dismiss is denied.

## 2. Motion for Sanctions

A court may impose appropriate sanctions on any attorney, law firm, or party for the violation of Fed. R .Civ. P. 11. Rule 11(b) provides that, by presenting to the court a pleading, an attorney certifies that to the best of the person's knowledge, information, and belief, that:

> (1) [the pleading, written motion, or other paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

In considering a motion for sanctions under Rule 11, this court applies an "objective standard of reasonableness." *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996). "[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Here, the court has determined that plaintiff has sufficiently alleged a plausible claim for relief under the FDCPA and has denied the defendant's motion to dismiss. Accordingly, the court finds that plaintiff's claim is not frivolous and has not been brought in bad faith, and the defendant's motion for sanctions is likewise denied.

### 3. Motion to Amend the Complaint

It is well-settled that "[l]eave to file an amended complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962) (internal quotation marks omitted). In considering whether a proposed amendment would be futile, "the appropriate legal standard is whether the proposed complaint fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F.Supp.2d 121, 124 (S.D.N.Y. 2009).

Plaintiff seeks leave to amend the complaint to withdraw his claim for actual damages and to clarify that defendant's statement regarding recording was unsolicited and not in response to a question by the plaintiff. Defendant argues that plaintiff's proposed amendment is futile, as no clarification can cure the fact that he has failed to state a claim. It relies primarily on the arguments advanced in support of its motion to dismiss.

The court has examined plaintiff's motion to amend. There being no evidence of undue delay, bad faith, or undue prejudice, and as plaintiff's claim has survived the defendant's motion to dismiss pursuant to Rule 12(b)(6), plaintiff's motion to amend/correct the complaint is granted.

## CONCLUSION

The defendant's motions to dismiss and for sanctions are denied. The plaintiff's motion to amend the complaint is granted. As the parties have advised the court that they are unable to agree on a mediator, a mediator will be assigned to the case.

So ordered.

_____
JOHN T. CURTIN
United States District Judge

Dated: June 26, 2013
p:\pending\2012\12-1120.jun17.2013